1    LORI J. GUALCO (Bar No. 95232)
     GUALCO LAW
2    400 Capitol Mall, Eleventh Floor
     Sacramento, CA 95814
3    Tel:    (916) 930-0700
     Fax:   (916) 930-0705

4

5    Attorney for Plaintiff
     MISSION LINEN SUPPLY

6

7              UNITED STATES DISTRICT COURT

8         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

9

| | |
|---|---|
| MISSION LINEN SUPPLY, a California corporation, | Case No. |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **1. COST RECOVERY PURSUANT TO CERCLA §107(a);** |
| CITY OF VISALIA and DOES 1-20 inclusive, | **2. CONTRIBUTION PURSUANT TO CERCLA § 113(f);** |
| Defendants. | **3. CONTINUING PRIVATE NUISANCE;** |
| | **4. NUISANCE PER SE;** |
| | **5. DECLARATORY RELIEF;** |
| | **6. DANGEROUS CONDITION OF PUBLIC PROPERTY;** |
| | **7. CONTINUING PUBLIC NUISANCE;** |
| | **8. PUBLIC NUISANCE PER SE** |
| | **9. EQUITABLE INDEMNITY; AND** |
| | **10. FEDERAL DECLARATORY RELIEF** |
| | **DEMAND FOR JURY TRIAL** |

      Plaintiff MISSION LINEN SUPPLY, a California corporation ("Plaintiff") hereby makes the following allegations upon information and belief as to all matters, other than those allegations specifically referring to Plaintiff, which it makes upon its own knowledge:

## JURISDICTION

      1.      Plaintiff's claims arise out of environmental contamination at and around property owned by Plaintiff at 520 East Mineral King Avenue, (that previously included the 510 East Mineral King Avenue address), Visalia, California 93292, assessor's parcel numbers 094-221-008, 094-221-006, and 094-221-014 (the "Property" or "Plaintiff's Property").

2.     This action arises under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C., § 9601 et seq.  This Court therefore has jurisdiction over the state claims asserted in this action pursuant to 28 U.S.C., § 1367.  The federal and state claims alleged herein are based on the same set of operative facts.  Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state claims.

3.     Venue is proper under the provisions of 28 U.S.C., § 1391(b) and 42 U.S.C., § 9613 because the Plaintiff's Property that is the subject matter of this action and a substantial portion of the events or omissions giving rise to these claims occurred in this judicial district in Tulare County.

## PARTIES

4.     Plaintiff is a California corporation and the owner of the Property at issue in this action.  Plaintiff has owned the Property continuously since June 6, 1978 and operated a commercial laundry facility since that time that included dry cleaning at the Property from 1978 to 1983 that was phased out during this period of time.  Plaintiff continues to own the Property to the present.

5.     The City of Visalia (the "City" or "Defendant") is a public entity located in Tulare County, California.

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants identified herein as DOES 1-20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff alleges that each of the Defendants designated herein is legally responsible in some manner – either by way of their ownership or operation/control of the Plaintiff's Property or nearby properties or by the operation of equipment or facilities – for the events and happenings herein referred to and proximately caused injury and damages to Plaintiff as herein alleged.  Each such DOE Defendant was the agent, employee of, or acting under the direction of all other Defendants and in doing the things alleged was acting within the scope and purpose of said agency and/or employment.

/ / /

## GENERAL ALLEGATIONS OF FACT

7.       Plaintiff seeks damages arising out of soil, soil gas, and/or groundwater contamination, located at and near the Plaintiff's Property, including nearby surrounding properties and under and around City sidewalks and streets.

8.       On September 8, 2006 the Department of Toxic Substance Control ("DTSC") issued an Imminent and Substantial Endangerment Determination, Docket No. IS&E 06/07-006, (the "2006 ISE") to Respondents "Unknown" for the Visalia Central Plume Area ("Visalia Plume").  The 2006 Determination stated that the Visalia Plume area lies over groundwater contaminated with chlorinated solvents, primarily tetrachloroethylene also known as perchloroethylene (collectively "PCE").  DTSC identified 21 public drinking wells in the Visalia Plume with PCE concentrations equal to or greater than the U.S. Environmental Protection Agency Method Detection Limit of 0.5 micrograms per liter.  Seven of those wells have reported maximum detections of PCE equal to or greater than the maximum containment level of 5.0 micrograms per liter established by the Department of Public Health for drinking water systems. The 2006 Determination notes that the entire City relies on groundwater for drinking water.  A true and correct copy of the 2006 ISE is attached hereto as Exhibit A and incorporated herein by reference.

9.       On February 3, 2010, the DTSC issued an Imminent and Substantial Endangerment Order, Docket No. 09/10-012, Unilateral Order, (the "2010 ISE Order") to Plaintiff for the groundwater contamination in the Visalia Plume.  The Order indicates that PCE is present in soil and groundwater at the Property and required Plaintiff to perform response actions and activities as specified by the Order.  The Order identified Plaintiff as a responsible party or liable person as defined by Health and Safety Code section 25323.5.  A true and correct copy of the 2010 ISE Order is attached hereto as Exhibit B and incorporated herein by reference.

10.       According to the 2010 ISE Order, laboratory analytical results for active soil gas samples collected adjacent to and down gradient from the Property show PCE concentrations that exceed health risk based screening levels for vapor intrusion to air; results for shallow groundwater samples show PCE concentrations that exceed the maximum containment level for

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

1   drinking water; results for soil gas and groundwater show an increasing PCE concentration trend

2   as sampling locations move closer to the Property; and results for groundwater up-gradient from

3   the Property are reported as non-detect for PCE.

4       11.    In the 2010 ISE Order, DTSC states its belief that the use and storage of PCE at

5   the Property, together with the groundwater and soil vapor sampling results, indicate a need for

6   additional investigation and remediation of sources of contamination at the Property.

7       12.    The 2010 ISE Order states that the actual and threatened release at the Property

8   may present an imminent and substantial endangerment to the public health or welfare or to the

9   environment and that response action is necessary to abate a public nuisance and/or to protect

10   and preserve public health.  The 2010 ISE Order states that nearby areas are devoted to

11   residential land use and human exposure to PCE may occur through contact with affected soil

12   and contaminated groundwater, as well as through inhalation of vapors.

13       13.    The 2010 ISE Order requires Plaintiff's implementation of any appropriate

14   removal actions, completion of a Remedial Investigation/Feasibility Study, preparation of a

15   Remedial Action Plan or Removal Action Workplan, preparation of a California Environmental

16   Quality Act document, and Design and Implementation of the remedial actions approved in the

17   Remedial Action Plan.

18       14.    Plaintiff is complying with the 2010 ISE Order and has and continues to incur

19   response costs in undertaking the work required by the 2010 ISE Order.  The DTSC has been the

20   regulatory agency overseeing the environmental contamination investigations with respect to

21   Plaintiff's Property and adjacent areas.

22       15.    The 2010 ISE Order requires Plaintiff to conduct environmental studies and

23   mandates cleanup efforts, providing penalties for non-compliance.

24       16.    The 2010 ISE Order does not address nor resolve CERCLA liability.  The 2010

25   ISE Order further does not constitute a satisfaction or release from liability and expressly does

26   not waive the right to take any further actions authorized by law.

27       17.    Plaintiff's environmental consultant has performed extensive investigations of the

28   soil, groundwater, and soil vapor at and in the vicinity of the Property.  The primary chemicals of

concern present are chlorinated volatile organic compounds (VOCs), specifically PCE and trichloroethylene (TCE). Other chemicals that have been detected at the Property during investigation include chloroform, cis-1,2-dichloroethene (cis-1,2-DCE), benzene, 1,2,4-trimethylbenzene (1,2,4-TMB), naphthalene, and xylenes (collectively referred to herein as "hazardous substances").

18.     Plaintiff reserves the right to incorporate and reference findings of additional hazardous substances which may be discovered through environmental studies done, among other things, in undertaking work required by the 2010 ISE Order.

19.     Plaintiff is informed and believes and on that basis alleges that hazardous substances contamination occurring at and near the Plaintiff's Property is caused, in whole or in part, by conduct of Defendant, as follows:

## THE CITY OF VISALIA

20.     Plaintiff is informed and believes, and thereon alleges, that the City has, at all times relevant, owned, operated, maintained, supervised and/or controlled the City's storm and sanitary sewer system (hereinafter referred to as "sewer system, sewer, sewers, sewer mains and/or sewer pipes")  connecting to and servicing the Plaintiff's Property and surrounding areas.

21.     At all times relevant, the City accepted PCE and other hazardous substances in wastewater for transport to its treatment facility conveyed from the Plaintiff's Property through the City's sewers.

22.     The City was under an obligation to maintain its sewer system adjacent to and servicing the Plaintiff's Property in a reasonable manner to prevent the exfiltration of PCE and other hazardous substances in wastewater from its sewer pipes.

23.     The City failed to maintain, clean, and/or repair its sewer system, failing to correct defects, including breaks, holes, cracks, leaks, and defective joints. This conduct by the City was at all times unreasonable and fell below a reasonable standard of care for maintaining its sewer system in a safe manner.

/ / /

/ / /

24.     The operation of the sewer system by the City caused and/or contributed to the releases of PCE and other hazardous substances in wastewater since at least 1978 when Plaintiff first owned the Property and began operating at the Property, and it is believed prior to that time.

25.     The City's operation of and failure to properly maintain the City's sewer system also caused the releases of PCE and other hazardous substances from its sewer system that originated from Plaintiff's Property from at least 1978, and it is believed prior to that time.

26.     As a result, PCE released from the City's sewer system has migrated and continues to migrate downgradient into the soil, soil gas, and groundwater, including at and around the Plaintiff's Property, causing, contributing to and exacerbating the contamination plume and posing a danger to Plaintiff, Plaintiff's Property, human health and the environment.

27.     On October 29, 2013, DTSC sent a letter to the City of Visalia, regarding, "Information Request for Sewer Lines; City of Visalia, California."  The DTSC wrote that they are investigating the occurrence of PCE in soil and groundwater in the Visalia area adjacent to 11 dry cleaner sites, not including Plaintiff's Property.

28.     On November 7, 2013, the DTSC sent a second letter to the City of Visalia explaining that Plaintiff's Property had been inadvertently omitted from the October 29, 2013 letter and repeated and included the same request for information in the original letter (collectively the "2013 DTSC letter to City").  In the 2013 DTSC letter to City, DTSC wrote that sampling taken around the Property indicates that wastewater containing PCE may have leaked or may be leaking from the sewer mains adjacent to some of the dry cleaners' laterals and that information available for some of the sites indicates that this is likely due at least in part to cracks and holes in the City sewer pipes. DTSC requested the submittal of current and historical information related to the construction, inspection, repair, operation and maintenance of the sewers within 2,500 feet of the Property, as more particularly set forth in the 2013 DTSC letter to City.  The City's primary response was that they had no records pertaining to the requests in the 2013 DTSC letter to City.

29.     Plaintiff learned the factual basis for its claims against the City when its consultant produced the Data Gap Soil Vapor Investigation Report dated September 22, 2014,

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

**COMPLAINT**

1    analyzing the data gap soil vapor investigation sampling results.  These data gap soil vapor

2    sampling results showed PCE at levels indicating releases from the City's sewers.  Additionally,

3    there have been closed circuit television inspections ("CCTV") of the City's sewer system and

4    they, along with the analyses of the data gap soil vapor investigation results, provide a basis to

5    assert a CERCLA contribution claim against the City.  Plaintiff is informed and believes and

6    thereon alleges, that the data gap soil vapor investigation and the CCTV video review show that

7    the City has contributed to the release of PCE in and around the Property.

8         30.    Plaintiff is informed and believes, and thereon alleges, the City's sewer main and

9    appurtenances that convey wastewater from the Plaintiff's Property have breaks, holes, cracks,

10   leaks, defective joints and/or sags.  PCE and other hazardous substances, have escaped through

11   these defects in the City's sewer pipes and will continue to spread into the environment.

12        31.    Plaintiff is informed and believes, and thereon alleges, the acts or omissions by

13   the City, including its failure to maintain and operate its sewers in a safe and reasonable manner

14   to prevent the exfiltration of PCE from its sewer pipes, resulted in contamination of soil and

15   groundwater at and around the Plaintiff's Property.  The City's employees or agents, acting on

16   behalf the City, maintained the sewer system in such a manner that allowed cracks and defects to

17   occur by failing to inspect and failing to maintain, allowing and permitting the degradation of the

18   sewer system through deliberate inaction, resulting in the additional spread of PCE and other

19   hazardous substances, and that such additional spread is, largely if not completely the result of

20   the failure of the City's employees to properly operate and maintain the sewer system.  At all

21   times relevant the City's actions and inactions in maintaining its sewer system were

22   unreasonable.

23        32.    The City was, at all relevant times, in sufficient control of the sewers to have

24   known of the threatened release of hazardous substances and to have prevented the resulting

25   contamination.  The City knew or should have known that its operation of the City's sewer

26   system would have, and did, cause the contamination described herein.

27        33.    On September 22, 2014, Plaintiff submitted a claim for damages to the City

28   relating to the above described contamination pursuant to Government Code section 900 et seq.

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

1    ("Claim").  On November 10, 2014, the City sent Plaintiff a letter notifying them that the claim

2    was rejected by operation of law ("Rejection of Claim").  A true and correct copy of the Claim is

3    attached hereto as Exhibit C, and the Rejection of the Claim is attached hereto as Exhibit D, and

4    are incorporated herein by reference.

5                                    **CAUSES OF ACTION**

6                                 **FIRST CAUSE OF ACTION**
                         **Cost Recovery Pursuant to CERCLA § 107 (a)**
7                                   (Against City and DOES 1-20)

8         34.     Plaintiff realleges and incorporates by reference the allegations contained in

9    Paragraphs 1 through 33 as though fully set forth herein.

10        35.     All of the contaminants identified in this Complaint, including PCE, are located in

11   the indoor air, soil, soil gas, and/or groundwater at, on, or under the Plaintiff's Property and

12   surrounding areas, and are "hazardous substances" within the meaning of 42 U.S.C. § 9601 (14).

13        36.     The Plaintiff's Property is a "facility" within the meaning of section 101(9) of

14   CERCLA, 42 U.S.C. § 9601 (9).  PCE and other hazardous substances have been located in the

15   indoor air, soil, soil gas, and/or groundwater at, on, near or under the Property.

16        37.     The City's sewer system connecting to and servicing the Plaintiff's Property is a

17   "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601 (9).  PCE has

18   been located in the soil, soil gas, and/or groundwater at, near, or under the City's sewer system

19   adjacent to the Property and the surrounding areas.

20        38.     The City is liable to Plaintiff under 42 U.S.C. § 9607 (a)(1) and (2) as the past and

21   current owner and operator of the sewer system connected to the Plaintiff's Property.  Plaintiff

22   has incurred, and will continue to incur, necessary response costs, including costs of

23   investigation, removal and/or remedial actions in the investigation, clean up and abatement of the

24   releases and threatened releases of the PCE identified in the Complaint from the City's

25   ownership, operations, and activities regarding the sewer system at and/or near the Plaintiff's

26   Property.  The City, through its management and oversight of the sewer system under its

27   ownership, control, and operation, permitted and/or caused defects, including breaks, holes,

28   cracks, leaks, and defective joints to the sewer system resulting in the release of PCE to the

1    surrounding environment, including Plaintiff's Property.  All or a portion of the necessary

2    response costs incurred and to be incurred by Plaintiff are a result of the contamination of the

3    Plaintiff's Property and surrounding properties, caused by the City.  Response costs incurred to

4    date include, but are not limited, to the costs of investigation of the Property and all work

5    conducted under the 2010 ISE Order.

6           39.    All costs incurred, and to be incurred, by Plaintiff are necessary costs of response

7    consistent with the 2010 ISE Order, the provisions of CERCLA and the National Oil and

8    Hazardous Substance Pollution Contingency Plan, also referred to as the National Contingency

9    Plan.  The response costs are consistent with the National Contingency Plan.

10          40.    Plaintiff continues to incur response costs and other costs in connection with the

11   investigation of the Plaintiff's Property and adjacent areas.  There has been no completion of a

12   removal action, nor has a remediation action plan been adopted.

13          41.    Under Section 107 of CERCLA, 42 U.S.C. § 9607, Plaintiff seeks recovery of

14   necessary costs of response and repayment from Defendant for  Plaintiff's outlays of all past,

15   present, and future necessary response costs incurred in response to the release of the PCE and

16   other hazardous substances in and around the environment, including the Plaintiff's Property and

17   surrounding properties.  The release and spread of the PCE and other hazardous substances are

18   continuing.

19          42.    Defendant, and the DOE Defendants, are jointly and severally liable to Plaintiff

20   pursuant to 42 U.S.C. § 9607 for all of the past, present and future necessary costs of response

21   including without limitation, investigation and remediation expenses, attorneys' fees, oversight

22   costs and interest, in an amount to be determined at trial.

23          43.    Pursuant to 42 U.S.C. § 9613 (g)(2), Plaintiff is entitled to a declaratory judgment

24   that Defendant and the DOE Defendants are liable in any subsequent action by Plaintiff to

25   recover further responses costs or damages incurred as a result of the PCE contamination at and

26   around the Plaintiff's Property and in the environment, as identified in this Complaint.

27          Wherefore, Plaintiff prays for judgment as hereinafter set forth.

28   / / /

**SECOND CAUSE OF ACTION**
**Contribution Pursuant to CERCLA § 113(f)**
(Against City and DOES 1-20)

44. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 43 as though fully set forth herein.

45. PCE is located in the indoor air, soil, soil gas and/or groundwater at, on, or under the Plaintiff's Property and surrounding areas, and is a "hazardous substances" within the meaning of 42 U.S.C. § 9601(14).

46. The Plaintiff's Property is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

47. City's sewer system, as identified in this Complaint, is a "facility" within the meaning of 101(9) of CERCLA, 42 U.S.C. § 9601(9).

48. Defendant is liable under 42 U.S.C § 9607 (a) as identified in this Complaint. Defendant, through its management and oversight of the sewer system under its ownership, control, and operation, permitted and/or caused defects, including breaks, holes, cracks, leaks, and defective joints to the sewer system is responsible for the release and spread of PCE into the surrounding areas, including the Plaintiff's Property.  The release and continued release has caused contamination in the indoor air, soil, soil gas and/or groundwater in the environment at and surrounding the Plaintiff's Property.

49. Plaintiff, as the current owner and former operator, of the Plaintiff's Property is a potentially responsible person with the meaning of Section 1(a) of CERCLA, 42 U.S.C. § 9607 (a)(1).

50. The Complaint filed by Plaintiff constitutes a civil action within the meaning of section 113(f) of CERCLA, 42 U.S.C. section 9613 (f)(1).

51. Plaintiff has incurred, and will continue to incur, necessary response costs, including costs of investigation, removal and/or remedial actions in the investigation, clean up and abatement of the releases and threatened releases of PCE and other hazardous substances from Defendant's ownership, operations and activities regarding the sewer system at and/or near the Plaintiff's Property as identified in 42 U.S.C. § 9601 (23)(24)(25)(26), and/or (29).  All or a

1   portion of the necessary response costs incurred and to be incurred by Plaintiff, are a result of the

2   contamination of the Plaintiff's Property and surrounding properties, and were caused by

3   Defendant.

4        52.    All costs incurred, and to be incurred, by Plaintiff are necessary costs of response

5   consistent with the provisions of CERCLA and the National Oil and Hazardous Substance

6   Pollution Contingency Plan, also referred to as the National Contingency Plan.

7        53.    Plaintiff is entitled to 100% contribution from Defendant or contribution in such

8   other percentage as this Court deems appropriate, pursuant to CERCLA sections 113(f)(1).

9        54.    Defendant and DOE Defendants are liable to Plaintiff pursuant to 42 U.S.C.

10   § 9613 for all of the past, present and future necessary costs of response including with

11   limitation, investigation and remediation expenses, attorneys' fees, oversight costs and interest,

12   in an amount to be determined at trial.

13        55.    Pursuant to 42 U.S.C § 9613 (g)(3), Plaintiff is entitled to a declaratory judgment

14   that Defendant is liable in any subsequent action by Plaintiff to recover further responses costs or

15   damages incurred as a result of the PCE and other hazardous substances contamination at and

16   around the Plaintiff's Property, and in the environment, as identified in this Complaint.

17        Wherefore, Plaintiff prays for judgment as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**Continuing Private Nuisance**
(Against City and DOES 1-20)

20        56.    Plaintiff realleges and incorporates by reference the allegations contained in

21   Paragraphs 1 through 55 as though fully set forth herein.

22        57.    Defendant caused and/or permitted the contamination alleged in this action by its

23   negligence, intentional or otherwise, actionable acts and/or omissions.

24        58.    As a result, Plaintiff has suffered damage to the Plaintiff's Property.

25        59.    The City was, at all relevant times, in sufficient control of the sewers to have

26   known of the threatened release of PCE and other hazardous substances and to have prevented

27   the resulting contamination.  The City knew or should have known that its operation of the City's

28   sewer system would have, and did, cause the contamination described herein.

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

60.     The City, through its management and oversight of the sewer system under its ownership, control, and operation, permitted and/or caused defects, including breaks, holes, cracks, leaks, and defective joints to the sewer system resulting in a private nuisance and damage to Plaintiff's property.  The City, by failing to properly maintain and repair its sewer system, should have known that damage would occur to the sewer system, causing releases of PCE and other hazardous substances onto the Property and into the environment.  The City acted unreasonably in maintaining its sewer system. According to the 2013 letter to the City of Visalia, it was claimed that waste water containing PCE and other hazardous substances may have leaked or may be leaking from the City's sewer mains adjacent to certain dry cleaning sites within the City, including Plaintiff's Property.  The DTSC stated that this is likely due in part to cracks and holes in the City's sewer pipes.

61.     Plaintiff did not consent to the ongoing damage to the Plaintiff's Property as a result of the City's actions and inactions.

62.     After having a reasonable opportunity to do so, the City has failed to take reasonable measures to properly abate the contamination described herein.

63.     As a result of the City's failure to abate the contamination, Plaintiff has suffered damage to the Plaintiff's Property.

64.     The contamination described in Paragraphs 56 through 63 constitutes a nuisance within the meaning of Section 3479 of California Civil Code.

65.     Plaintiff is informed and believes, and on that basis alleges, that the contamination is continuing and abatable.

66.     As a proximate result of the private nuisance, Plaintiff has and will continue to suffer physical damage to the Plaintiff's Property, and the environment, and has been and will be damaged by incurring costs to respond to the PCE and other hazardous substances contamination in and around the Plaintiff's Property in an amount to be established at trial.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

/ / /

/ / /

## FOURTH CAUSE OF ACTION
### Nuisance Per Se
(Against City and DOES 1-20)

67.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 66 as though fully set forth herein.

68.     The contamination constitutes a continuing nuisance with the meaning of California Water Code section 13050(m), and Section 3479 of California Civil Code.

69.     Plaintiff is in the class of persons protected under these statutes from the City and its violations thereof due to the fact that the City has, at all relevant times, owned, operated, maintained, supervised and/or controlled the City's sewer system connection to and servicing the Plaintiff's Property.

70.     The City violated California Civil Code section 3479 by their failure to properly abate the PCE and other hazardous substances contamination, and by allowing PCE and other hazardous substances contamination to continue to spread to the indoor air, soil, soil gas, and/or groundwater in the surrounding environment, including the Plaintiff's Property.

71.     The City, through its management and oversight of the sewer system under its ownership, control, and operation, permitted and/or caused defects, including breaks, holes, cracks, leaks, and defective joints in the sewer system resulting in a nuisance and damage to Plaintiff's property.  According to the 2013 DTSC letter to City, it is claimed that waste water containing PCE and other hazardous substances may have leaked or may be leaking from the City's sewer mains adjacent to certain dry cleaning sites within the City, including Plaintiff's Property.  The DTSC states that this is likely due in part to cracks and holes in the City's sewer pipes.

72.     As a proximate result of the nuisance per se, Plaintiff has and will continue to suffer physical damage to the Plaintiff's Property and the environment, and has been and will be damaged by incurring costs to respond to the PCE and other hazardous substances contamination in and around the Plaintiff's Property in an amount to be established at trial.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

/ / /

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

**COMPLAINT**

**FIFTH CAUSE OF ACTION**
**Declaratory Relief**
(Against City and DOES 1-20)

73. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 72 as though fully set forth herein.

74. A determination of the proportionate degree of liability, if any, of Plaintiff, on the one hand, and Defendant, on the other, is necessary to protect the rights of Plaintiff.

75. An actual controversy has arisen and now exists relating to the legal rights and duties of Plaintiff and Defendant, and each of them, for which Plaintiff desires a declaration of their respective rights and duties, and for indemnification, in which Plaintiff contends, and Plaintiff is informed and believes that Defendant denies, the following:

76. That as between these parties, the responsibility, if any, for the damages claimed by Plaintiff rests in whole or in part, on Defendant.

77. That as a result, Defendant is obligated to partially indemnify or fully indemnify Plaintiff for sums that Plaintiff may be held to pay as a result of any damages, judgments, settlement or other awards recovered against Plaintiff by the federal or state government or private party as a result of the PCE and other hazardous substances on the Plaintiff's Property, properties near and adjacent properties, and the environment, including, but not limited to, indoor air, soil, soil vapor and/or groundwater.

78. Plaintiff is informed and believes that Defendant denies any such liability.

79. Plaintiff is entitled to, and hereby requests, a judicial determination of Plaintiff's rights, indemnification and contribution, any declaration that Defendant and/or others, and not Plaintiff, are liable in whole or in part, for the costs incurred, and to be incurred to remove, clean-up and remediate the alleged PCE and other hazardous substances of the indoor air, soil, soil vapor and/or groundwater in and around the Plaintiff's Property and in the environment.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

/ / /

/ / /

/ / /

**SIXTH CAUSE OF ACTION**
**Dangerous Condition of Public Property**
(Against City and Does 1-20)

80.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 79 as though fully set forth herein.

81.     Plaintiff is informed and believes, and thereon alleges that at all relevant times, the City owned, operated, maintained, supervised, and/or controlled the City's sewer system connected to and servicing the Plaintiff's Property.

82.     Plaintiff is informed and believes, and thereon alleges that at all relevant times, the City's sewer system was in a dangerous condition in that it contained holes, leaks, cracks, improper joint connections, and that PCE and other hazardous substances were released from the City's sewer system and leaks occurred in the vicinity of the Plaintiff's Property.  The overflows, backups and/or leaks of PCE and other hazardous substances released from the City's sewer system legally and proximately caused the contamination in, at or around the indoor air, soil, soil gas, and/or groundwater near the Plaintiff's Property.  The contamination described herein was a reasonably foreseeable risk of the dangerous condition of the City's sewer system.

83.     Plaintiff is informed and believes, and thereon alleges that the City knew or should have known or been able to discover the dangerous condition of the City's sewer system for a sufficient period of time to have protected against it, because, for example, the City allowed and was aware of the disposal of PCE and other hazardous substances, such as those described herein, into the City's sewer system.  Despite this knowledge, the City failed to respond by either properly maintaining the City's sewer system, repairing it, removing the PCE and other hazardous substances, or otherwise properly responding to the hazardous substances that were being released from the City sewer system.

84.     As a direct and proximate result of the dangerous condition of the City's sewer system, Plaintiff was, and continued to be injured in that the PCE and other hazardous substances described herein above contaminated the indoor air, soil, soil gas, and/or groundwater near the Plaintiff's Property, and the environment in general causing Plaintiff's damages including, but not limited to, damage to the Plaintiff's Property, response costs incurred and to be incurred in

**COMPLAINT**

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

1    the future to properly respond to the alleged contamination near the Plaintiff's Property, and

2    related costs in making the Plaintiff's Property and the environment safe from contamination.

3    Such costs also include attorneys' fees and consultants' fees incurred as a direct and proximate

4    result of said dangerous condition.

5          Wherefore, Plaintiff prays for judgment as hereinafter set forth.

6                          **SEVENTH CAUSE OF ACTION**
                           **Continuing Public Nuisance**
7                           (Against City and DOES 1-20)

8          85.     Plaintiff realleges and incorporate by reference the allegations contained in

9    Paragraphs 1 through 84 as though fully set forth herein.

10         86.     The contamination on and about the Plaintiff's Property constitutes a public

11   nuisance within the meaning of California Water Code section 13050(m), and California Civil

12   Code sections 3479 and 3480.

13         87.     Plaintiff is informed and believes, and on that basis alleges, that the contamination

14   is continuing and abatable.

15         88.     As a proximate result of the nuisance, the Plaintiff has been, and will be, damaged

16   by incurring costs to respond to the alleged hazardous substances in and around the Plaintiff's

17   Property and in the environment, including the indoor air, soil, soil gas and/or groundwater, in an

18   amount to be established at trial.

19         89.     Plaintiff has suffered, and will continue to suffer, harm that is different from the

20   type of harm suffered by the general public as a result of the public nuisance, as alleged herein,

21   because Plaintiff has incurred, and will continue to incur, costs and expenses to investigate and

22   respond to the contamination.  Additionally, Plaintiff has suffered damage to the Plaintiff's

23   Property.

24         90.     The 2010 ISE Order states that the release of PCE and other hazardous substances

25   may present an imminent and substantial endangerment to the public health or welfare or to the

26   environment and that response action is necessary to abate a public nuisance and/or to protect

27   and preserve the public health.  The 2013 DTSC letter to City provides that sampling taken

28   around the Property indicates that cracks and holes in the City sewer pipes is a possible source of

PCE and other hazardous substances contamination and requested sewer maintenance records from the City.  The City responded that they had no records pertaining to the DTSC request.

91.     Plaintiff alleges that it is not reasonable for a City to allow continued and on-going leaks to the soil and groundwater used by the entire City and to not have any records pertaining to its maintenance.

92.     The City's continued spread of contaminants is harmful to public health and to the environmental and, in particular, it disrupts Plaintiff's reasonable free use of its property because it has directly caused Plaintiff to incur increased response costs.

93.     The City has caused and exacerbated the contamination at issue by both its actions, i.e. its construction, operation, and maintenance of its sewer system, which it failed to do in a reasonable manner, as well as its inactions, which are not taking reasonable measures to abate the contamination and preclude its continued spread.

94.     Plaintiff did not consent to the City's actions or inactions.  An ordinary person would be reasonably annoyed and disturbed by the spread of contamination caused by the City and the City's failure to take reasonable measures of abatement.

95.     The contamination continues to spread today, and is continuing in nature because the City has the ability to abate the current contamination as well as preclude its future spread.

96.     The City's conduct causes a substantial harm to the surrounding public, but specifically and differently to Plaintiff because Plaintiff is incurring increased response costs as a direct result of the City's actions and inactions.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### Continuing Public Nuisance Per Se
(Against City and DOES 1-20)

97.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 96 as though fully set forth herein.

98.     Plaintiff alleges that the conduct of Defendant, which has resulted in contamination of indoor air, soil, soil vapor and/or groundwater on and about the Plaintiff's Property, and surrounding properties, and constitutes a public nuisance, and is a violation of

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

California Water Code sections 13050(m), 13304, 13350, and 13387, and California Health & Safety Code sections 5411, 5411.5, and 117555, the purposes of which are to set a standard of care or conduct to protect Plaintiff, and all persons and property of the general public at large, as well as the environment, from the type of conduct engaged in by Defendant.  Therefore, such improper activities and violations constitute a public nuisance per se.

99.     Defendant has failed to comply with the state law as detailed above.  Plaintiff has sustained special injury as a result of this public nuisance, including investigative costs, attorneys' fees, and other costs, as described herein.  As a further direct and proximate cause of the public nuisance per se created by Defendant, Plaintiff has suffered damages as previously described herein, including other consequential, incidental, and general damages to be proven at trial.  Plaintiff seeks abatement of the public nuisance, and all other legally available costs and damages.

100.    Plaintiff further requests that the public nuisance, as described herein, be enjoined or abated.

101.    The City's continued on-going leaks from the sewer system are harmful to the environment, and disrupt Plaintiff's reasonable free use of its property because it has directly caused Plaintiff to incur increased response costs.

102.    The City has caused and exacerbated the contamination at issue by both its actions, i.e. its construction, operation, and maintenance of its sewer system, which it failed to do in a reasonable manner, as well as its inactions, which are not taking reasonable measures to abate the contamination and preclude its continued spread.

103.    Plaintiff did not consent to the City's actions or inactions.  An ordinary person would be reasonably annoyed and disturbed by the spread of contamination caused by the City and the City's failure to take reasonable measures of abatement.

104.    The contamination continues to spread today, and is continuing in nature because the City has not exercised its ability to abate the current contamination.

/ / /

/ / /

COMPLAINT

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

105. The City's on-going leaks from the sewer system and failure to take action to abate the contamination or take reasonable steps to preclude its future spread is in violation of Civil Code section 3479.

106. The City's conduct causes a substantial harm to the surrounding public, but specifically and differently to Plaintiff because Plaintiff is incurring increased response costs as a direct result of the City's actions and inactions.

Wherefore, Plaintiff prays for judgement as hereinafter set forth.

**NINTH CAUSE OF ACTION**
**Equitable Indemnity**
(Against City and DOES 1-20)

107. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 106 as though fully set forth herein.

108. The liability, if any, that Plaintiff may have to any person or entity, including, without limitation, any governmental or regulatory agency, under any law, regulation, or common law principle, relating to the contamination at the Property, is the result, in whole or in part, of the acts and omissions of the City.

109. The alleged release of hazardous substances into the environment at, near, and about the Plaintiff's Property is primarily a direct and proximate result of the City's actions, omissions, or conduct. Plaintiff's actions, omissions or conduct relating to these releases or threatened releases of PCE and other hazardous substances have been and will continue to be, secondary or indirect in nature or derivative of the City's actions, omissions or conduct.

110. As a direct and proximate result of the actions, omissions, and conduct of the City, as herein alleged, the City is bound and obligated to indemnify and hold harmless Plaintiff from and against any and all response costs, arising out of, or relating in any way to the contamination at the Property, and any other costs heretofore or hereafter incurred by Plaintiff in responding to the releases or threatened releases of hazardous substances at the Property and surrounding areas.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

/ / /

1
2

**TENTH CAUSE OF ACTION**
**Federal Declaratory Relief**
(Against City and DOES 1-20)

3    111.    Plaintiff realleges and incorporates by reference the allegations contained in

4    Paragraphs 1 through 110 as though fully set forth herein.

5    112.    A dispute has arisen and an actual controversy exists between Plaintiff and the

6    City in that Plaintiff claims that the City is obligated to contribute to all necessary response costs

7    and any other costs and attorneys' fees heretofore or hereafter incurred by Plaintiff in responding

8    to the release or threatened release of PCE and other hazardous substances, as a result of the

9    City's individual acts and conduct complained of herein.  The City denies such obligations.

10   113.    Substantial costs will be incurred by Plaintiff over time and after conclusion of

11   this action.  Unless declaratory relief is granted, it will be necessary for Plaintiff to commence a

12   later action against the City to secure compensation for the costs incurred and damages sustained.

13   114.    Plaintiff is entitled to and hereby seeks a declaratory judgment, pursuant to

14   CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), of the City's liability to Plaintiff for all

15   response costs incurred or to be incurred by Plaintiff in responding to the releases and threatened

16   releases of PCE and other hazardous substances and adverse environmental consequences at

17   issue herein.

18   115.    Plaintiff is entitled to, and hereby seeks, a judicial determination pursuant to

19   Federal Declaratory Relief Act, 28 U.S.C. § 2201(a), of Plaintiff's right to contribution from the

20   City for all costs, which Plaintiff may incur resulting from the City's release of PCE and other

21   hazardous substances at or near the Plaintiff's Property.

22   Wherefore, Plaintiff prays for judgment as set forth below.

23   **PRAYER FOR RELIEF**

24   WHEREFORE, Plaintiff requests judgment as follows:

25   1.    For recovery and contribution from the Defendant, of all response costs incurred,

26   and to be incurred by Plaintiff, in response to the alleged release of PCE and other hazardous

27   substances, in and around the Plaintiff's Property, and the environment, according to proof at

28   trial;

GUALCO LAW
400 Capitol Mall
Eleventh Floor
Sacramento, CA 95814

20

2.     For contribution against the Defendant, for all response costs incurred, and to be incurred by Plaintiff according to proof at trial;

3.     For damages against the Defendant in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substances contamination in an amount according to proof at trial;

4.     For a declaration that Plaintiff is entitled to total equitable indemnity from Defendant for all response costs that have been, or will be, incurred by Plaintiff, as required by law, in response to the release and threatened release of PCE and other hazardous substances at the Plaintiff's Property and in surrounding areas, or in an amount this Court deems appropriate;

5.     For a declaration that Defendant is obligated to pay to Plaintiff all future response costs and any other costs incurred by Plaintiff hereafter in response, removal, or remediation efforts incurred pursuant to law or the order of any governmental agency with jurisdiction over the Plaintiff's Property;

6.     For compensatory damages according to proof;

7.     For incidental and consequential damages according to proof;

8.     For prejudgment interest at  the legal rate;

9.     For attorneys' fees and costs;

10.    For consultants' fees and costs;

11.    For such other and further relief as this court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure section 38(b) and Local Rule 201, Plaintiff demands a trial by jury on all issues so triable.


Dated:  May 1, 2015                          GUALCO LAW



By:  /s/ Lori J. Gualco
     LORI J. GUALCO
     Attorney for Plaintiff MISSION LINEN
     SUPPLY