Leonard C. Herr, #081896
Ron Statler, #234177
Caren Curtiss, #311218
HERR PEDERSEN & BERGLUND LLP
Attorneys at Law
100 Willow Plaza, Suite 300
Visalia, California 93291
Telephone: (559) 636-0200

Attorneys for Defendant, CITY OF VISALIA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION LINEN SUPPLY,<br><br>   Plaintiff,<br><br> v.<br><br>CITY OF VISALIA and DOES 1-20, inclusive,<br><br>   Defendants. | Case No.: 1:15-cv-00672-AWI-EPG<br><br>**CITY OF VISALIA'S TRIAL BRIEF**<br><br>**Date:  May 23, 2017**<br>**Time:  10:30 a.m.**<br>**Location: Courtroom 2**<br><br>**Senior District Judge Anthony W. Ishii** |

The Plaintiff in this action dumped hazardous materials into the City's sewers for years, and appears to be continuing to do so. That same Plaintiff, charged with maintaining its own connections to the City's sewers, allowed those connections to develop leaks. That same plaintiff, who occasioned the presence of a nuisance-causing chemical under the City's surface, accuses City of creating a nuisance. That same Plaintiff, who allowed its own sewer connections to become dilapidated, accuses City of being responsible for fixing them. And what is more, Plaintiff Mission Linen says it should be allowed to pay less than the City for the patent misconduct of Mission Linen and its predecessors.

///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-1-

**CITY OF VISALIA'S TRIAL BRIEF**

## I.

## THE FACTS OF THIS CASE

The City of Visalia has, for decades, prohibited sewer users from dumping toxic chemicals down the drain into the City's sewers. During many of those same decades, dry cleaners dumped their waste into the drain. Among those dry cleaners was the Plaintiff in this action, Mission Linen, and the two companies that previously used a dry cleaning facility in Visalia on the north side of Mineral King Avenue between Tipton and Santa Fe. Those older companies were Star Laundry & Dry Cleaning, who worked out of that facility from the late '30s unto 1971, followed by Visalia Laundry & Dry Cleaning, who owned the site from then until 1978 when Mission took it over. Mission operated the small dry cleaning operation until about 1983, when the person who operated the dry cleaning machines retired. At one time, the dry cleaning equipment was in the main building on the site, known as the laundry building, but was later moved to the warehouse building. Before the dry cleaning employee worked for Mission Linen, he worked for Visalia Laundry & Dry Cleaning, doing the same job. There was no substantial change from Mission Linen's dry cleaning operation and Visalia Laundry's, save the move from one building to another, and that move was on the same site.

Part of the dry cleaning operation involved use of a chemical known as tetrachloroethylene. The chemical has many other names including perchloroethylene, and "PERC"; that appears to be the term dry cleaners use most, but that sounds too much like a euphemism for a street drug for this brief. Another common handle appears to be PCE, the term that will be used here. Visalia Laundry & Dry Cleaning used PCE as well. Plaintiff has concluded that ascribing a dry cleaning operation to Star Laundry & Dry Cleaning would be speculative, because dry cleaners so often do not dry clean, and has failed to account for the potential use of dry cleaning chemicals by the company that billed itself as a dry cleaner.

Mission Linen claims they stopped using PCE at the site in 1983, but PCE

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-2-

**CITY OF VISALIA'S TRIAL BRIEF**

has been found in company's effluent as late as 2010.

PCE has been found in the areas around the Mission Linen site, including along the route of City's sewer system. Mission Linen ascribes blame to the City for this presence of the chemicals Mission Linen dumped.

Plaintiff accuses the City of contributing to the presence of PCE because of alleged leaks from the City's sewers. But video evidence indicates that any leaks likely occurred from points at which Mission Linen's own drain pipes connect to the City's sewer mains. City does not own those drain pipes, which are referred to in the City's code as side sewers. Side sewers are the pipes, including the wyes that "connect[] the plumbing system of the building to the main sewer." Visalia Municipal Code ["VMC"] § 13.08.040. They are required to be maintained in good order and condition by the owner of the property served at the owner's sole cost and expense. VMC § 13.08.290. The side sewers begin at the connection, including the wye, which includes a portion of the main sewer line into which the connection pours. VMC § 13.08.040.

At the same time, City has prohibited the dumping of hazardous substances into the City's sewers since at the latest, 1964. Mission Linen admits PCE, a hazardous material, was released into the sewers by them during their ownership. What's more, they purchased the property from another company that had been doing the same thing as part of the same operation for years, and continued the exact same practice by employing the same person. Mission Linen cannot distance itself from its predecessor: they both caused the presence of PCE in the City's sewers, and leaks appear to have come from points in the line that Mission Linen was responsible for maintaining.

City uses, as is ordinary among Cities in the Central Valley, gravity to move sewage through its sewer, much of which is made from clay pipe. It is not, and is not designed to be, water-tight. Some seepage is ordinary, and even due care cannot prevent occasional leaks. Assuming a hole in an underground sewer is a dangerous

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-3-

**CITY OF VISALIA'S TRIAL BRIEF**

1 condition of property, Plaintiff cannot prove the defective property was the City's.
2 The City had no notice that its property was in the dangerous condition and, the
3 property's danger cannot be said by Mission Linen to be dangerous when used with
4 due care: it is only dangerous when used in violation of the City's ordinance against
5 dumping hazardous waste.

6 Mission Linen seeks contribution from the City of Visalia for the cleanup of
7 the mess it caused.  Mission Linen caused this mess by doing something stupid,
8 dumping toxic chemicals into the sewer, while failing to satisfy its legal obligation to
9 maintain the connection to that sewer, and in violation of the law.  Somehow,
10 Mission linen believes these facts justify saddling City with 55% of the cost of doing
11 so.

## II.

## POINTS OF LAW

14 Mission Linen seeks contribution from City for the cleanup of PCE near the
15 Mission Linen plant, and contends City should have to pay 55% of that cost, well
16 over half.  Mission Linen dumped the chemical; City should not have to pay for it.
17 But even if we assume City must contribute a portion of the cleanup cost, it is
18 difficult indeed to see how City's contribution should be greater than Mission
19 Linen's.

20 **A.    CERCLA § 107(a) & 113(f) [42 U.S.C. §§ 9607(a) and 9613(f)**

21 Plaintiff cannot prove the second element of a private action in CERCLA
22 liability: that "a 'release' or 'threatened release' of any 'hazardous substance' from
23 the facility has occurred…," precluding a finding of the third element, as set forth
24 in *Adobe Lumber, Inc. v. Hellman*.  658 F.Supp.2d 1188, 1192 (E.D. Cal. 2009),
25 quoting *Carson Harbor Village, Ltd. v. Unocal Corp.*, 270 F.3d 863 (9th Cir. 2001).
26 Plaintiff's proposed cleanup is unnecessarily excessive in expense and unreasonably
27 rejects less-expensive yet sufficient cleanup options.  And, if Plaintiff demands whole
28 recovery for costs under § 107 [which does not appear to be the case], Plaintiff's own

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-4-

**CITY OF VISALIA'S TRIAL BRIEF**

1 contribution to the presence of PCE plainly precludes such recovery.

2 Additionally, Plaintiff failed to satisfy required portions of the imminent and substantial endangerment order as required by federal law, including but not limited to a plan by which the public could participate in forming the cleanup plan put forward by Plaintiffs and other parties. This failure precludes recovery. "[S]tate regulatory involvement on the remedial process is not a substitute for the public comment." *Sherwin-Williams Co.*, 840 F.Supp. 470, at 476-477. "Using state regulators as a substitute for the "public" is contrary to the letter and the spirit of the regulations." *Id.* at 477. In *Sherwin-Williams*, the party running a clean-up [there, a city] "held no public meetings and provided no opportunity for the general public to comment on, or participate in, the decision behind the remedial actions that were taken." *Id.* The failure to provide for public comment, as required of "other persons" in CERCLA cases [other meaning non-state or federal agencies] precluded recovery.

City also raises the third party defense, as set forth in *Lincoln Properties, Ltd. v. Higgins* (E.D. Cal. 1992) 823 F.Supp. 1528, 1539–40, *citing to Kelley v. Thomas Solvent Co.*, 727 F.Supp. 1532, 1539-40 (W.D.Mich. 1989). This is a defense to liability where the defendant used due care with respect to the hazardous substance, and took precautions against foreseeable instances. City prohibited the dumping of such substances. Mission Linen and its predecessor dumped it anyway.

And City's contribution to the presence of PCE in the ground, if any, was minimal, allowing for a minimal contribution to the cleanup costs.

### B. The nuisance claims

Plaintiff alleges several claims for nuisance, public and private, ordinary and *per se*: most defenses are shared among them. All are addressed as one here.

Plaintiff cannot prove the elements of a private nuisance against City: Civ. Code § 3479. Additionally, City alleges a third party defense separate and apart from the defense of the same name in CERCLA: the private nuisance is attributable

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-5-

**CITY OF VISALIA'S TRIAL BRIEF**

1 solely to the actions of others. 12 Witkin, Summary 10th Real Prop § 648 (2005).
2 "[W]hen a lessee rents premises that are safe as leased, but are rendered unsafe by
3 his use of them, neither the lessee nor his employees can recover from the lessor for
4 injuries resulting from that condition." (*Neuber v. Royal Realty Co.* (1948) 86
5 Cal.App.2d 616, overruled on other grounds in *Porter v. Montgomery Ward & Co.*
6 (1957) 48 Cal.2d 846.) While the sewers might have been leaky [cannot prove they
7 were when Mission Linen used PCE], they were "safe" if used in the manner intended.
8 They were only "dangerous" because the user of the property – Mission Linen – was
9 dumping PCEs down them.

10 Mission linen also consented to any nuisance caused by dumping PCE into
11 the sewer when they dumped it into the sewer; Mission Linen was consenting to the
12 distribution of PCEs in the same manner as the distribution of ordinary human
13 waste. *Beck Development Co. v. Southern Pacific Transp. Co.*, 44 Cal.App.4th 1160,
14 1215 (1996.)

15 The City is immune for acts authorized by law under Civ. Code § 3482. The
16 sewers are maintained under the express authority of Title 13 of the Visalia
17 Municipal Code. While construction of a defective line is not subject to the immunity
18 (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 104.), Plaintiff can produce
19 no evidence the line was constructed in a defective manner causing an alleged
20 nuisance; the fact that wear and tear will occur on any structure authorized to be
21 built is to be inferred from the authority to build it. As such, the City's sewer line,
22 being authorized by law, cannot be a nuisance.

23 Mission Linen failed to seek relief in time to lawfully abate the private
24 nuisance. (Code Civ. Proc. § 338(b).)

25 And as for the public nuisance claims, Plaintiff cannot prove special injury to
26 itself, save those it caused itself. Civ. Code § 3493; *Kempton v. Los Angeles* (2008)
27 165 Cal.App.4th 1344, 1349.

28 ///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

### C. Dangerous condition of public property

Plaintiff cannot prove that the City's property was in a dangerous condition when used with due care; nor can Plaintiff prove City had notice or constructive notice of the condition under California's Government Claims Act. Cal. Gov. Code § 835, 835.2.

City also claims various immunities to this claim including design immunity, as Plaintiff alleges that it was constructed in a dangerous condition but the sewer design was approved. Cal. Gov. Code section 830.6. City also alleges that any condition on those parts of the sewer that are actually City's property are trivial under California Government Code section 830.2. City cannot know until trial if its other defenses will be called for and does not waive any defense identified in the pretrial order, save those dismissed or not alleged as discussed in the opposition to Plaintiff's motion *in limine* nos. 7 and 8.

### D. Plaintiff's claims for equitable indemnity

Mission Linen cannot make the showing necessary to recovery in equitable indemnity against City or, if some indemnity can be proven, contribution should be limited to City's contribution only. As an initial matter, Mission Linen is liable for its own conduct. Mission Linen engaged in that conduct since the '70's and has known about its predecessor-landowner's conduct before that sionce it bought the land from Star Laundry: Mission Linen adiopted the same practices. Mission Linen therefore approaches this matter with unclean hands: it should not be able to shift half the so-called "orphan shares" from Star Laundry to City when Mission Linen just adopted Star's conduct as though it was Mission Linen's practice all along.

Mission Linen consented to the alleged nuisance by dumping the materials that caused it. *Beck Devel. Co. v. Southern Pacific Transp. Co.*, *supra*, 44 Cal. App. 4th at 1215. City is also immune from suit under Cal. Civ. Code § 3482, as stated above.

///

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA 93291
(559) 636-0200

-7-

**CITY OF VISALIA'S TRIAL BRIEF**

## III.

## CONCLUSION

The presence of PCE in the ground near Mission Linen's facility was caused by Mission Linen and the company Mission Linen took it over from that did the exact same thing as Mission Linen.  Mission Linen should be required to pay for the cleanup.  If City bears any responsibility for the presence of PCE, it is because Mission Linen knowingly dumped it into City's sewer.  City's contribution, if any, should be slight, indeed.  Instead, Mission Linen, drunk with the prospect of cleaning their mess with somebody else's money, tries to assign City 55% of the blame.  Remarkable.  And shameless.

Dated:  April 24, 2017            HERR PEDERSEN & BERGLUND LLP


                                  By:  /s/ Leonard C. Herr
                                       LEONARD C. HERR,
                                       Attorney for Defendant,
                                       CITY OF VISALIA

City of Visalia's Trial Brief.docx

Law Offices of
HERR PEDERSEN
& BERGLUND LLP
Attorneys at Law
100 Willow Plaza
Suite 300
Visalia, CA  93291
(559) 636-0200

-8-

**CITY OF VISALIA'S TRIAL BRIEF**