# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISSION LINEN SUPPLY,<br><br>    Plaintiff<br><br>v.<br><br>CITY OF VISALIA,<br><br>    Defendant | CASE NO. 1:15-CV-0672 AWI EPG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO QUASH SUBPOENA**<br><br>(Doc. No. 128) |

Currently before the Court is Peter Krasnoff's ("Krasnoff") motion to quash a subpoena issued by Defendant the City of Visalia ("City"). Krasnoff is an expert engineer retained by Plaintiff Mission Linen Supply ("Mission"). Mission has also filed objections to the City's subpoena of Krasnoff. Per the parties' request, the Court set a hearing date of October 18, 2017, to resolve Krasnoff's motion. After reviewing the motion and the City's opposition, the Court has determined that no hearing in necessary. The hearing has been vacated and the Court will grant in part and deny in part the motion to quash.

*Background*

From Krasnoff's declaration, on October 4, 2017, a Rule 45 subpoena was dropped off at the front desk of WEST Environmental Services & Technology ("WEST"), Krasnoff's company. WEST and Krasnoff are based in San Rafael, California. Prior to dropping the subpoena off at the front desk of WEST, service of the subpoena was not attempted on Mission's counsel.

The subpoena commands Krasnoff to appear and testify in the trial of this matter. See Krasnoff Ex. A. The subpoena commands that that Krasnoff bring the following: "1.) Any and all documents that reflect work you, your employees, agents, or company have performed on behalf of any public entity in the last 10 years; 2.) your complete file and billing records for the Mission Linen matter and the Coppola v. City of Visalia matter being brought in the Eastern District of California bearing case No.: 1:11-CV-01257-AWI-BAM; 3.) your complete file for any cases where you performed work on behalf of Jan Greben, Esq." Id.

Krasnoff explains that he has worked for 15 public agencies in the past 10 years, and has done work for Mr. Greben in 6 to 10 cases. To the extent that Krasnoff still has access to some or all of these files, virtually all of the files would contain substantial information protected by the attorney work-product doctrine, rights of privacy, and other privileges, which would require a page by page privilege review.

Prior to the subpoena, the City took Krasnoff's deposition on October 13, 2016. At the deposition, Krasnoff produced various documents in response to the deposition notice and the request for production of documents issued by the City. Krasnoff also gave testimony concerning some of his past municipality work and previous matters performed at Mr. Greben's request.

Per the orders on stipulations that extended dates set by the scheduling order, the non-expert discovery cutoff date was April 15, 2016, and the expert discovery cutoff date was October 5, 2016. See Doc. Nos. 16, 38.

*Krasnoff's Argument*

Krasnoff explains that he does not object to the aspect of the subpoena that commands his appearance at trial, nor does he object to the aspect of the subpoena that commands that he produce his complete file and billing records for this matter and the *Coppola* matter. The remainder of the subpoena is objectionable for several reasons. First, the request to produce files regarding other municipalities and other work for Mr. Greben over the last 10 years is a discovery request. Because discovery has closed, this aspect of the subpoena is an improper attempt to conduct discovery. Second, the subpoena creates an undue burden. The subpoena would require Krasnoff and his attorney to review voluminous documents and assess privileges and potentially

violate privacy rights of third parties. Third, the subpoena suffers from facial defects in that prior notice to other parties was not given, Krasnoff is not located within 100 miles of Fresno, the subpoena was not served on Krasnoff, no witness fees were tendered to Krasnoff, and a reasonable time to comply with the subpoena was not provided. Therefore, the subpoena should be quashed.

*Mission's Objections*

Mission objects to three categories of requested documents. Mission objects that the first category is vague, broad, violates Rules 26(b), seek irrelevant information, seek confidential, proprietary, and privileged information, seek documents not in Krasnoff's possession, and that sufficient time to respond has not been given. Mission objects that the second category is overly broad, vague, and burdensome in that the discovery files in this case span over 100,000 pages of documents, a reasonable time to comply was not provided, the City is already in possession of Krasnoff's files in this matter, seeks privileged information, and seeks documents protected from reproduction by copyright laws. Finally, the third category is unduly burdensome and ambiguous, seeks documents that are protected by multiple privileges, seeks irrelevant information, and a reasonable time to comply is not given.

*City's Opposition/Response*

The City responds that the motion to quash should be denied because "(1) Mr. Krasnoff has failed to meet his burden of showing that compliance with the Trial Subpoena would be unduly burdensome; (2) the Trial Subpoena properly requires Mr. Krasnoff to bring documents to trial that are not otherwise available; and (3) Mr. Krasnoff was effectively served…." Doc. No. 130 at 2. The focus of the City's argument is that Krasnoff has not demonstrated that production in compliance with the subpoena would be burdensome. The City has presented no argument or authority to explain why it believes that its present subpoena is not an attempt to obtain discovery outside of the relevant discovery period.

*Discussion*

The Court will grant the motion to quash because the City's subpoena duces tecem is an improper attempt to circumvent discovery deadlines and the city has not made the requisite showing that the discovery period should be reopened.

3

The time for conducting expert discovery in this action expired on October 5, 2016. Doc. No. 38. With exceptions not present here,[1] "Fed.R.Civ.P. 45 subpoenas [seeking production of documents] constitute pretrial discovery that must be served within the specified discovery period." Medimmune, LLC v. PDL Biopharma, Inc., 2010 WL 1266770, *1 (N.D. Cal. Apr. 1, 2010) (collecting cases); see Trendsettah USA, Inc. v. Swisher Int'l, Inc., 2016 U.S. Dist. LEXIS 19911, *7-8 (E.D. Cal. Feb. 18, 2016); Fed. Deposit Ins. Corp. v. BayOne Real Estate Inv. Corp., 2017 WL 1316888, *2 (N.D. Cal. Apr. 10, 2017) ("If a party could evade discovery deadlines to continue to conduct third-party discovery until the time of trial, the universe of documents relevant to the case would never be settled prior to trial. This would defeat the purpose of the case management procedures detailed in the Federal Rules, increase the cost of litigation, impede settlement prospects, make trial preparation unwieldy, and wreak havoc on trial schedules.")[2] The City's answer that the evidence it seeks is of impeachment value does not save its tardy request. Trendsettah USA, 2016 U.S. Dist. LEXIS 19911, at *8 (citing Rice v. United States, 164 F.R.D. 556, 558 (N.D. Okl. 1995) (subpoenas duces tecum for particular records, issued to third-parties after the close of discovery for purposes of discovering impeachment material, were quashed as an improper attempt to engage in discovery after designated time period)).

Although the City has not requested modification of the scheduling order to reopen discovery, the Court considers the propriety of such a modification to allow for the discovery sought. District courts have "broad discretion to manage discovery and to control the course of litigation under [Rule] 16." Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011). Generally, when modification of a scheduling order is sought prior to a pretrial conference the Court considers whether good cause exists for the modification and whether the party seeking the modification has been diligent in conducting discovery to that point. Fed. R. Civ. P. 16(b)(4); Santillan v. USA Waste of California, Inc, 853 F.3d 1035, 1048 (9th Cir. 2017); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [the moving] party was not diligent, the inquiry should end.") After a final pretrial order issues, the standard is more

---

[1] For instance, a subpoena duces tecum is property served after the close of discovery and shortly before trial when necessary to secure an original document, a copy of which was previously provided in discovery.

[2] See also, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 45, n.46 (collecting cases).

4

exacting—a party seeking to modify a final pretrial order must show that "manifest injustice" would result without such a modification. Fed. R. Civ. P. 16(e); <u>Best Buy Stores, L.P. v. Manteca Lifestyle Center, LLC</u>, 2012 WL 2117670, *1-2 (E.D. Cal. June 8, 2012) (applying the manifest injustice standard in determining whether to reopen discovery after issuance of a final pretrial order); <u>see</u> <u>Stoddard v. Express Servs.</u>, 2017 WL 3333994, *1 (E.D. Cal. Aug. 4, 2017) ("[T]he "good cause" standard requires less than the "manifest injustice" test used to modify a final pretrial order."); Fed. R. Civ. P. 16, 1983 Advisory Committee Notes ("Since the scheduling order is entered early in the litigation, [the "good cause"] standard seems more appropriate than a 'manifest injustice' or 'substantial hardship' test.")[3]

Under either standard, discovery should not be reopened. The City was aware no later than October 13, 2016, that Krasnoff indicated that he "design[ed] sewers in [the cities of] Vallejo, Mountain View, Hollister, Crockett, … Selby," and "Eureka." Deposition of Peter Krasnoff, October 13, 2016, Doc. No. 130-2 at 10-11. Indeed, on October 19, 2016, the City submitted public record requests to the cities of Vallejo, Mountain View, and Eureka to verify the information that Krasnoff provided. Doc. No. 130-2 at 14-19. By the end of October 2016 the public record request responses from all of those cities were returned; no documents were found or provided. Doc. No. 130-2 at 21-25. The City took no further action. *See* Doc. No. 130 at 3. As is evinced by the communications between counsel for the parties, the City's inaction was purposeful. Doc. No. 130-2 at 40. As a result, the Court cannot conclude that the City was diligent in conducting discovery. The Court certainly cannot conclude that manifest injustice would result if discovery were not reopened.

Insofar as the City's subpoena seeks production of documents from Krasnoff that were not timely requested in discovery, it will be quashed. The Court need not resolve Kransnoff's other arguments in support of his motion to quash.

*Order*

---

[3] "The district court should consider four factors in determining whether to modify the parties' pretrial order: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification." <u>Hunt v. Cnty. of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (citation omitted).

Based on the foregoing, IT IS HEREBY ORDERED that Krasnoff's motion to quash is GRANTED in part and DENIED in part as follows:

1. Krasnoff IS NOT REQUIRED to provide or bring to trial the documents responsive to items one (1) or three (3) on the subpoena dated October 3, 2017;
2. Krasnoff SHALL produce his complete file and billing records for this matter and the *Coppola* matter;
3. Krasnoff SHALL appear for trial at 9:00 a.m. in Courtroom 2 before the undersigned on December 12, 2017, or a date and time mutually agreed by the parties.

IT IS SO ORDERED.

Dated: October 17, 2017

_____
SENIOR DISTRICT JUDGE